Law Office of Bruce B. Weyhrauch, LLC
Of Attorneys for Plaintiffs
whyrock@gci.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL H. WESTCOTT, JR. and DAN FOLEY, D/B/A ICY PASSAGE FISH, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, <br><br> Defendant. | Case No. J-03-009 CI (JWS) |

## PLAINTIFFS' OPPOSITION TO NATIONAL PARK SERVICE'S MOTION TO STRIKE TWO AFFIDAVITS

The plaintiff's oppose the defendant's Motion to Strike two affidavits. The affidavits the defendant seeks to strike are from Frank Rue and James Calvin. The motion should be denied.

A Motion to Strike under Civil Rule 12(f) is proper to strike a pleading that is "redundant, immaterial, impertinent, or scandalous … ." The two affidavits are none of these. A motion to strike these two affidavits is improper. 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1380, 391-92 (2004). Motions to strike

are "not favored" and should not be granted unless it is clear that the matters stricken have no possible relationship to the controversy … ."[1]

Here the affidavits the defendant moves to strike are closely related to the issue of State required concurrence in Park Service prepared compensation plan that has been briefed and which is pending before the court.  The competency of the individuals providing the affidavits cannot be seriously questioned.[2]  Frank Rue, who provided one affidavit, was the former State of Alaska Department of Fish and Game Commissioner.  He was responsible for providing the State's final concurrence on the Park Service–generated Glacier Bay Compensation Plan.  James Calvin, who submitted the other affidavit, is a principal of the McDowell Group and wrote the Environmental Assessment, which was the guiding document for the Compensation Plan.  Both these individuals were intimately familiar with the subject matter of their affidavits.  A motion to strike these motions is inappropriate and should be rejected.

When the Park Service objected in November 2005 to Frank Rue's affidavit when it was filed, the court noted that the parties were going to have an opportunity to do some briefing, and that such briefing was in the nature of summary judgment briefing and,

---

[1]   Stands Over Bull v. BIA, 442 F.Supp 360 (D. Mont. 1977) quoting Sun Ins. Co. of N.Y. v. Diversified Eng., Inc., 240 F.Supp 606, 612 (D. Mont. 1965).
[2]   See Wimberly v. Clark Controller Co., 364 F. 2d 225, 227 (6th Cir. 1966) (motion to strike affidavits denied with at best, the motion raised an issue "as to the admissibility of the evidence offered in the affidavit, and the competency of the affiant to testify to the matters stated therein.").

typically, an affidavit would be admissible on summary judgment.[3] The Park Service had plenty of opportunity to examine Mr. Rue after his affidavit was filed. Both of the affidavits are admissible on summary judgment grounds. Moreover, the contents of each of the affidavits can be considered by the court in reaching its decision.

Finally, the Park Service moved, over objection, to submit a letter authored by Robert Bosworth from ADF&G that was in no way related to the administrative record of the Park Service in preparing any of its Glacier Bay Compensation Plan.[4] While the court allowed that additional information, the defendant, in their motion, indicates that additional factual information is generally not allowed in an APA case. But the information contained in the affidavits is generally useful to a full understanding by the court of the circumstances that the parties have briefed on whether the State of Alaska concurred in changes made by the Park Service to the Final September 2001 Glacier Bay Compensation Plan. For that purpose, the affidavits are useful. The defendants Motion to Strike should be denied as inappropriate and because the affidavits are relevant to the issue before the court.

DATED this 2nd day of February, 2006

**LAW OFFICE OF BRUCE B. WEYHRAUCH, LLC**

By:   /s/ Bruce B. Weyhrauch

Bruce B. Weyhrauch, Of Attorneys for Plaintiffs
114 South Franklin Street, Suite 200
Juneau, Alaska 99801
Phone: (907) 463-5566

---

[3] Juneau Hearing Transcript, pages 119-20 (Nov. 15, 2005)
[4] See AR 951-52 (Docket 63).

Fax (907) 463-5858
E-mail: whyrock@gci.net
Alaska Bar Number: 8706057

**CERTIFICATE OF FILING AND SERVICE**

      The undersigned certifies that on this 2nd day of February, 2006, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system. I also certify that I e-mailed a copy of the forgoing to:

Ms. Susan Lindquist, Assistant U.S. Attorney
Federal Bldg & US Courthouse
222 West Seventh Ave. #9 Room 253
Anchorage, Alaska 99513-7567
susan.lindquist@usdoj.gov

                                    s/ Bruce B. Weyhrauch