DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-3378
Fax: (907)271-2344
Susan.Lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL H. WESTCOTT, JR. AND DAN FOLEY, D/B/A ICY PASSAGE FISH<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE,<br><br>Defendant. | Case No. 1:03-cv-9-JWS<br><br>**REPLY TO RESPONSE TO MOTION TO STRIKE** |

The Plaintiffs argue that the affidavits are material and relevant, and therefore admissible.  This argument misses the point.  It does not matter how relevant the material is, it does not comport with the court's order directing the parties to present additional evidence at an evidentiary hearing.  Nor does the argument overcome the limits of review

established n the Administrative Procedures Act.  See e.g. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 419 (1970) (litigation affidavits are *post hoc* rationalizations that cannot be the bases for review under the APA).  The Court raised an additional issue which was not addressed in the administrative record and the Court requested testimony at a hearing as the approved means of submitting evidence.  The Court did not request Affidavits.  There were no restrictions on the number of witnesses Plaintiffs could present at the hearing.  Plaintiffs simply failed to call Mr. Calvin.  In addition the Plaintiffs submitted Mr. Rue's Affidavit before he testified, perhaps in anticipation that he would be unable to attend the hearing in Juneau.  But the Court allowed Plaintiffs to produce him at a later date.  It is simply wrong for the Plaintiffs to use two different methods to present testimony when the Court ordered only one.  It is particularly wrong for Plaintiffs to submit the additional evidence of Jim Calvin's Affidavit with a brief to which no rebuttal was allowed.  The Plaintiffs should be held to the same restrictions that applied to the government.

The Plaintiffs argument that the government was allowed to add additional documentary evidence to the record also misses the point.  The government asked the Court for leave to add the information, and it was not provided in lieu of testimony.  The document was not a *post hoc* rationalization because it was created at the time the State was formulating its role in the Compensation Program.  Plaintiffs never asked for leave of Court to file anything.  Moreover, the evidence they are submitting now is evidence

which could have easily been provided at the two hearings.  The Affidavits should be stricken.

RESPECTFULLY SUBMITTED on February 2, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant United States Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006,
a copy of the foregoing **REPLY TO RESPONSE
TO MOTION TO STRIKE** was served electronically
on Bruce B. Weyhrauch, LLC

s/ Susan J. Lindquist